**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARGO A. WEEMS and her child, TMW | : : | |
| | : | CIVIL ACTION |
| *Plaintiffs* | : : | |
| v. | : : | NO. 22-3961 |
| CHILDREN'S HOSPITAL OF PHILADELPHIA, *et al*. | : : : | |
| *Defendants* | : : : | |

## **ORDER**

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion to Dismiss filed on behalf of Defendants, the Honorable Margaret T. Murphy, the Honorable Walter J. Olszewski, the Honorable Daine Grey, Jr. (incorrectly identified as "Duane Grey"), and the Honorable Vincent Furlong, and any response thereto, it is hereby ORDERED and DECREED that the Motion to Dismiss is GRANTED, and Plaintiffs' claims against Defendants Murphy, Olszewski, Grey, and Furlong are hereby DISMISSED, with prejudice.

_____
**J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGO A. WEEMS and her child, TMW : | |
| : | |
| : | CIVIL ACTION |
| *Plaintiffs* : | |
| : | |
| v. : | NO. 22-3961 |
| : | |
| CHILDREN'S HOSPITAL OF PHILADELPHIA, *et al*. : | |
| : | |
| *Defendants* : | |
| : | |

**JUDICIAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

NOW COME THE DEFENDANTS, the Honorable Margaret T. Murphy, the Honorable Walter J. Olszewski, the Honorable Daine Grey, Jr. (incorrectly identified as "Duane Grey"), and the Honorable Vincent Furlong (hereinafter "Judicial Defendants"), by and through their undersigned counsel, and file this Motion to Dismiss Plaintiffs' Complaint, averring in support thereof as follows:

1. Plaintiff Margo Weems, on behalf of herself and her minor child TMW, filed this action alleging that a variety of Defendants conspired to deprive her of her rights under the Constitution, the Indian Child Welfare Act of 1978, and various unspecified state laws.

2. As it relates to Judicial Defendants, the Complaint states that Ms. Weems was involved in legal proceedings in the Family Court of the First Judicial District over which Defendant Judge Furlong presided and which concerned the custody and care of her child, TMW. Ms. Weems complains that Judge Furlong was generally disrespectful toward her, that he ordered her to undergo a psychological evaluation and continue meeting certain treatment objectives in order to continue her interactions with TMW, and that he generally tried to paint

her as an unfit parent leading up to April 2019 when he entered an order terminating Ms. Weems' parental rights. That order was subsequently overturned on appeal.

3. The remaining Judicial Defendants – the Honorable Margaret T. Murphy, the Honorable Walter J. Olszewski, and the Honorable Daine Grey, Jr. – are also judges for the First Judicial District's Family Court Division. Despite naming these three judges as Defendants to this action, Ms. Weems has not levied any specific allegations against them, and they are not mentioned anywhere in the body of the Complaint.

4. By way of relief, Ms. Weems requests that she be granted full custody, care and control over TMW without the threat of Defendant DHS's involvement. She further requests the imposition of monetary damages, a change to the regulations governing DHS and the Family Court system, and other miscellaneous forms of relief.

5. As set forth more fully in the accompanying Brief, Plaintiffs' official capacity claims against Judicial Defendants are barred by the immunity afforded by the Eleventh Amendment.

6. Plaintiffs' state law claims are barred by sovereign immunity.

7. Plaintiffs' individual capacity claims against Judicial Defendants are barred pursuant to the doctrine of absolute judicial immunity.

8. This Court should abstain from exercising jurisdiction over this matter pursuant to *Younger v. Harris* and principles of federalism and comity.

9. Finally, Plaintiffs have failed to state a claim against Defendants Murphy, Olszewski, and Grey because the Complaint makes no averments as to their alleged conduct.

10. Given the nature of the aforementioned defenses, leave to amend would be futile.

WHEREFORE, Judicial Defendants respectfully request that this Court enter an Order in the form attached hereto, dismissing Plaintiffs' claims against them, with prejudice.

    Respectfully submitted,

    **s/ MEGAN MALLEK**
    MEGAN MALLEK, ESQUIRE
    Attorney I.D. No. PA321341
    Supreme Court of Pennsylvania
    Administrative Office of PA Courts
    1515 Market Street, Suite 1414
    Philadelphia, PA 19102
    legaldepartment@pacourts.us
    (215) 560-6326, Fax: (215) 560-5486

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGO A. WEEMS and her child, TMW | : : | |
| | : | CIVIL ACTION |
| *Plaintiffs* | : : | |
| v. | : | NO. 22-3961 |
| | : | |
| CHILDREN'S HOSPITAL OF PHILADELPHIA, *et al*. | : : : | |
| *Defendants* | : : : | |

**BRIEF IN SUPPORT OF JUDICIAL DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT**

NOW COME THE DEFENDANTS, the Honorable Margaret T. Murphy, the Honorable Walter J. Olszewski, the Honorable Daine Grey, Jr. (incorrectly identified as "Duane Grey"), and the Honorable Vincent Furlong (hereinafter "Judicial Defendants"),[1] by and through their undersigned counsel, and file this Brief in Support of their Motion to Dismiss, averring in support thereof as follows:

**I)   FACTUAL BACKGROUND**

Plaintiff Margo Weems, on behalf of herself and her minor child TMW,[2] filed this action alleging that a variety of Defendants conspired to deprive her of her rights under the Constitution, the Indian Child Welfare Act of 1978, and various unspecified state laws.

---

[1] Plaintiffs also name the "Honorable Judge Martinez" as a defendant to this action. There are no judges within the First Judicial District with this name, and Judicial Defendants are not sure to whom Plaintiff is referring.

[2] To the extent Ms. Weems, who is not a lawyer, intends to assert claims on behalf of her minor child, she is precluded from doing so by 28 U.S.C. § 1654. *See also Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-85 (3d Cir. 1991).

Complaint, §§ II(B), III(C), p. 17.[3] As it relates to Judicial Defendants, the Complaint states that Ms. Weems was involved in legal proceedings in the Family Court of the First Judicial District over which Defendant Judge Furlong presided and which concerned the custody and care of her child, TMW. Ms. Weems complains that Judge Furlong was generally disrespectful toward her, that he ordered her to undergo a psychological evaluation and continue meeting certain treatment objectives in order to continue her interactions with TMW, and that he generally tried to paint her as an unfit parent leading up to April 2019 when he entered an order terminating Ms. Weems' parental rights. Complaint, pp. 13-17. That order was subsequently overturned on appeal. Complaint, p. 15.

The remaining Judicial Defendants – the Honorable Margaret T. Murphy, the Honorable Walter J. Olszewski, and the Honorable Daine Grey, Jr. – are also judges for the First Judicial District's Family Court Division. Despite naming these three judges as Defendants to this action, Ms. Weems has not levied any specific allegations against them, and they are not mentioned anywhere in the body of the Complaint.

By way of relief, Ms. Weems requests that she be granted full custody, care and control over TMW without the threat of Defendant DHS's involvement. She further requests the imposition of monetary damages, a change to the regulations governing DHS and the Family Court system, and other miscellaneous forms of relief. Complaint, § V. As set forth more fully below, the claims against Judicial Defendants must be dismissed.

---

[3] Unless otherwise indicated, the page numbers referenced herein refer to the Complaint's ECF page number.

## II) QUESTIONS PRESENTED

(1) Are Plaintiffs' official capacity claims against Judicial Defendants barred by the immunity afforded by the Eleventh Amendment?

**Suggested Answer: Yes.**

(2) Are Plaintiffs' state law claims barred by sovereign immunity?

**Suggested Answer: Yes.**

(3) Are Plaintiffs' individual capacity claims against Judicial Defendants barred pursuant to the doctrine of absolute judicial immunity?

**Suggested Answer: Yes.**

(4) Should this Court abstain from exercising jurisdiction over this matter pursuant to *Younger v. Harris* and principles of federalism and comity?

**Suggested Answer: Yes.**

(5) Have Plaintiffs failed to state a claim against Defendants Murphy, Olszewski, and Grey because the Complaint makes no averments as to their alleged conduct?

**Suggested Answer: Yes.**

## III) ARGUMENT

### A) The Eleventh Amendment bars Plaintiffs' claims against Judicial Defendants.

Judicial Defendants are officers of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. §301. As such, Judicial Defendants are fully entitled to the protection from suit in federal Court afforded by the Eleventh Amendment to the United States Constitution.

A suit against a state official in his or her official capacity is deemed a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In such a circumstance, the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502

U.S. 21, 26 (1991). Hence, to the extent Plaintiffs intend to sue Judicial Defendants in their official capacities, Plaintiffs are actually suing the Unified Judicial System, which is part of the Commonwealth of Pennsylvania, as the term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system." 42 Pa. C.S. § 102; Pa. Const. Art. V, § 1; *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000) ("All courts and agencies of the unified judicial system…are part of the 'Commonwealth government' and thus are state rather than local agencies.").

Absent a state's consent, all states and state entities are entitled to immunity under the Eleventh Amendment. *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008). Pennsylvania has not waived sovereign immunity. Statutory law provides that the Commonwealth and its officials are immune from suit. 1 Pa. C.S. § 2310; 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). This immunity extends to the Pennsylvania Court system. *Benn v. First Judicial District*, 426 F.3d 233 (3d Cir. 2005) (the Third Circuit Court of Appeals held that the Philadelphia Court of Common Pleas is entitled to federal Eleventh Amendment immunity); *Mattas v. Supreme Court of Pennsylvania*, 576 F. Supp. 1178, 1182 (1983) ("The Pennsylvania Supreme Court, and the Office of Disciplinary Counsel, as an entity, are arms of the state and therefore cannot be sued."). Eleventh Amendment immunity protects an un-consenting state or state agency from a suit brought in federal Court regardless of the relief sought, and extends to employees and officials of an agency sued in their official capacities. *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180 (3d Cir. 2005).

Here, Ms. Weems and her daughter only ever encountered Judicial Defendants in their capacities as officers of the Unified Judicial System. Under these circumstances, it is clear that any official capacity claims Plaintiffs intend to levy against Judicial Defendants based on the averments above must be dismissed pursuant to the Eleventh Amendment.

### B) Judicial Defendants are entitled to sovereign immunity on any state law claims.

In addition to Eleventh Amendment immunity, under Pennsylvania law, entities, officers and employees of the Commonwealth government are entitled to sovereign and official immunity from lawsuits, such as the one before this Court, pursuant to the Sovereign Immunity Act, 42 Pa. C.S. § 8521 *et seq.; see also* 1 Pa. C.S. § 2310 ("Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity").

The Commonwealth has not validly waived sovereign immunity for any of Plaintiffs' claims. In this regard, although the state legislature has waived sovereign immunity in a limited number of circumstances,[4] this statutory waiver does not apply to the Unified Judicial System. *Russo v. Allegheny County*, 125 A.3d 113, 118 (Pa. Commw. 2015) ("Because sovereign immunity has not been waived with respect to the courts of the unified judicial system, we must

---

[4] Even if this waiver did apply to the Unified Judicial System, this case still would not fall under any of the enumerated circumstances in which immunity has been waived. In this regard, 42 Pa.C.S. § 8522 sets forth the nine (9) circumstances under which the Commonwealth has waived immunity: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. Since none of these circumstances are applicable to the instant case, immunity would nevertheless apply.

conclude that the courts of the unified judicial system retain their sovereign immunity as related to tort claims."), *aff'd*, 150 A.3d 16 (Pa. 2016). As a result, the Unified Judicial System, and its officers and employees, retain sovereign immunity without exception. *Id*.

As set forth above, Judicial Defendants are officers of the Unified Judicial System, which is a part of the Commonwealth government. Accordingly, Plaintiffs may not maintain any of their state law claims against them, and said claims must therefore be dismissed.

### C) Judicial Defendants are entitled to absolute judicial immunity.

The allegations against Judicial Defendants are predicated upon acts that occurred in connection with Plaintiffs' underlying case in the Family Court of the First Judicial District, Philadelphia's Court of Common Pleas. Judges are immune from liability for all acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity is not only immunity from damages, but also immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (U.S. 1991). A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal and ex parte" manner. *Gallas v. Supreme Court of Pa*., 211 F.3d 760, 769 (3d Cir. 2005). Further, immunity will not be lost merely because the judge's action is "unfair" or controversial. *Id*. Further, a judge is immune even if the acts were committed during an alleged conspiracy. *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183 (1980).

The doctrine of judicial immunity applies to §1983 civil rights claims. *Id*.; *Corliss v. O'Brien*, 2005 WL 2334792 (M.D. Pa. 2005), aff'd 200 Fed. Appx. 80 (3rd Cir. 2006). Judges are immune from liability when the judge has jurisdiction over the subject matter and s/he is

performing a judicial act. *Stump*, 435 U.S. at 356. Whether an act is "judicial" depends on "whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362. In Pennsylvania, the "courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa. C.S. 931(a).

Plaintiffs' allegations against Judicial Defendants are based entirely upon rulings made and conduct that allegedly occurred during the underlying Family Court proceedings. As judges of the Philadelphia Court of Common Pleas, it is readily apparent that Judicial Defendants had jurisdiction over Plaintiffs' case. *See* 42 Pa.C.S. § 931(a). Further, there can be no doubt that presiding over a judicial proceeding is an act that is judicial in character. The conduct of which Plaintiffs complain therefore falls within the purview of judicial acts for which absolute immunity attaches. *Stump* at 356; *Azubuko v. Royal*, 443 F.3d 302, 303 (2006).

### D) Abstention is proper pursuant to *Younger v. Harris* and principles of federalism and comity.

Because this case is ongoing in the state Court system, as cases involving child custody and support are by their very nature, abstention is proper pursuant to *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Abstention under *Younger* is appropriate when: (1) the state judicial proceeding is ongoing; (2) important state interests are implicated in the state action and (3) the state proceeding offers sufficient opportunity to raise the claims asserted in federal Court. *See Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003). Custody and support cases fall within the purview of those appropriate for *Younger* abstention. *Karl v. Cifuentes*, 2015 U.S. Dist. LEXIS 111347 (E.D. Pa. 2015). The concerns of comity and federalism which underlie the *Younger* doctrine dictate that abstention is proper here where all criteria are met.

Although the United States Supreme Court in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013), limited *Younger* abstention to three categories of state proceedings, District Courts in the Third Circuit have repeatedly held that child custody and support proceedings fall under the *Younger* doctrine. See *Karl v. Cifuentes*, 2015 U.S. Dist. LEXIS 111347 (E.D. Pa. 2015), appeal dismissed No. 15-3023 (3d Cir. 2015); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 626-27 (E.D. Pa.), aff'd, 572 F. App'x 68 (3d Cir. 2014); *Tarapchak v. Schuylkill Cty.*, 2016 U.S. Dist. LEXIS 80950 (M.D. Pa. 2014), citing *Thomas v. Piccione*, 2014 U.S. Dist. LEXIS 57373 (W.D. Pa. 2014).

Custody and support proceedings in the Commonwealth of Pennsylvania involve state interests. *See Lui v. Comm'n on Adult Entm't Establishments of Del*., 369 F.3d 319, 326 (3rd Cir. 2004); Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 13 (2004)("in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts"), abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 134 S. Ct. 1377 (2014); see also *Lazaridis v. Wehmer*, 591 F.3d 666, 671 (3d Cir. 2010).

The third *Younger* criteria is also met here, as the state Courts and the state appellate system provide Ms. Weems with the opportunity to raise her claims. See *Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 184 (3d Cir. 2014)(holding that state law must "clearly bar" the chance to raise federal claims). Ms. Weems has already had one successful appeal, and if in the future she is dissatisfied with the rulings made in Family Court, she has the opportunity to contest the validity of state Court's rulings, findings, orders and/or actions through normal appellate procedures. See *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987)(holding that a federal Court should assume that state Court appellate proceedings will afford an adequate

remedy for federal claims). Thus, *Younger* abstention is proper while Plaintiff adjudicates her concerns through the ongoing state Court and appellate system.

### E) Plaintiffs have failed to state a claim against Judges Murphy, Olszewski, and Grey

Finally, Plaintiffs cannot maintain their claims against Judges Murphy, Olszewski, and Grey because they have not levied any factual allegations against them. Pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "[Labels] and conclusions" are not enough, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Here, despite naming Judges Murphy, Olszewski, and Grey as defendants, the Complaint contains no allegations against them. By failing to include any reference to or allegations against these defendants, Plaintiffs have failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Accordingly, the claims against Judges Murphy, Olszewski, and Grey must be dismissed.

## IV) CONCLUSION

Based on the foregoing arguments and authorities, Judicial Defendants respectfully request that this Court enter an Order in the form attached hereto, dismissing Plaintiffs' claims against them, with prejudice.

Respectfully submitted,

**s/ Megan Mallek**
MEGAN MALLEK, ESQUIRE

Attorney I.D. No. PA321341
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGO A. WEEMS | : |
| | : CIVIL ACTION |
| *Plaintiff* | : |
| | : NO. 22-3961 |
| v. | : |
| | : |
| CITY OF PHILADELPHIA, et al. | : |
| | : |
| *Defendants* | : |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 22, 2023, she caused the foregoing *Motion to Dismiss and Brief in Support of the Motion* to be served via CM/ECF to all counsel of record and first class postage pre-paid mail to:

Margo A. Weems
5131 Green Street
Philadelphia, PA 19144

Respectfully submitted,
**S/ MEGAN L. MALLEK**
MEGAN L. MALLEK, ESQUIRE
Attorney I.D. No. PA321341
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486