IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARGO A. WEEMS** : | CIVIL ACTION |
| **& her child TMW,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | NO. 2:22-cv-03961-GJP |
| : | |
| **CHILDREN'S HOSPITAL OF** : | |
| **PHILADELPHIA, ET AL.,** : | |
| : | |
| Defendants. : | **Jury Trial Demanded** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**CITY OF PHILADELPHIA DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants "City of Philadelphia: Office of City Solicitors and Dept. of Human Services", Benita King, Carla N. Gardner, Paulette Matthews, Khadra Searles (incorrectly identified in the Complaint as "Khadra Seales"), Jonathan Houlon, Caroline B. Curley, Paul McLaughlin, Brian Bell, former DHS Commissioner Cynthia Figueroa, and DHS Commissioner Kimberly Ali (sometimes hereinafter referred to collectively as "City Defendants"), hereby respectfully file this memorandum of law in support of their motion to dismiss with prejudice Plaintiffs' Complaint for failure to state a claim.

## I. INTRODUCTION

Before the Court is the City Defendants' motion to dismiss all claims asserted by Plaintiffs in their Complaint. Plaintiffs generally assert federal claims against the City Defendants, alleging that the City Defendants violated their rights protected by the Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and violated Plaintiff Margo Weems'

(sometimes hereinafter "Plaintiff Weems") rights under the Indian Child Welfare Act ("ICPA"). Plaintiff Weems also claims the City Defendants defamed her.

All the events alleged in the Complaint that purport to be the basis for their claims occurred between September of 2016 and July 10, 2019. The Complaint was filed on October 5, 2022. Consequently, for Plaintiff Weems, all her claims based on the Constitution of the United States are barred by Pennsylvania's two-year statute of limitation. Moreover, Plaintiff Weems' defamation claims are barred by Pennsylvania's one-year statute of limitation.

As for Plaintiff Weems' claims based on the ICPA, she misunderstands the purpose of the Act. The ICPA does not provide for a private right of action. Rather, it sets forth what States must do in foster placements and adoptions involving Native American children.

Plaintiff Weems also fails to plead sufficient facts to show that TMW has a plausible claim for relief. Nowhere in the Complaint does she allege facts—or claims—specific to TMW.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

As the Third Circuit has recognized, pleading standards have shifted. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). In two decisions, the Supreme Court rejected the oft-applied standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46, (1957), which permitted district courts to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*., *overruled by Bell Atlantic Corp. v. Twombly,* 550 U. S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (applying *Twombly* to all civil complaints).

In rejecting *Conley's* no-set-of-facts standard, *Twombly*, held that a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *Iqbal* extended the reach of *Twombly*, instructing that all civil

complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949, quoted in *Fowler*, 578 F.3d at 210.

In *Fowler* the Third Circuit held that, after *Iqbal*, district courts should conduct "a two-part analysis" of motions presented under Fed. R. Civ. Proc. 12(b)(6). *Fowler*, 578 F.3d at 210-11. First, courts should separate "the factual and legal elements of a claim, so that while the district court must "accept all of the complaint's well-pleaded facts as true," it may "disregard any legal conclusions." *Id*. Second, the court must then determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. (citing *Iqbal*, 129 S. Ct. at 1950. This plausibility standard requires drawing a distinction between merely alleging entitlement to relief, which is insufficient, and "show[ing] such an entitlement with its facts," which is what is required under *Iqbal*. *Id*. Where the facts alleged do not permit the court to infer more than "the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1950. As *Fowler* explains, this "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 129 S.Ct. at 1950); *see also McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (court not required to accept conclusory legal assertion in complaint that wheelchair ramp outside clinic was public forum).

When considering a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must take all allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. *H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 250 (1989); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). "[T]he Court may consider documents attached to the complaint or documents whose contents are alleged in the

3

complaint, provided the complaint 'necessarily relies' on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested." *Minor v. FedEx Office and Print Svcs., Inc.*, 2015 WL 225396, *4 (N.D. Cal. January 16, 2015), citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Moreover, the Court has discretion to consider facts outside the complaint when ruling on a motion to dismiss. *Pryor v. NCAA*, 288 F.3d 548, 559-600 (3d Cir. 2002), citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992) (citing 5A Wright & Miller, Fed. Prac. & Proc. § 1366, at 491 (1990)). This discretion includes consideration of facts of which the trial court will take judicial notice. Id. at 560. In considering a motion to dismiss, the trial court may also reference matters of public record. *Churchill v. Star Enter.*, 183 F.3d 184, 190 n.5 (3d Cir. 1999) (citing *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989)).

In ruling on a motion to dismiss on statute of limitations grounds, the Court must determine whether "'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Jordan v. Crandley*, 1999 WL 718616 (E.D. Pa. 1999) (quoting *City v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989)). Where the complaint facially shows noncompliance with the applicable statute of limitations, a motion to dismiss on these grounds should be granted. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

**III. FACTS**

The facts set forth in Plaintiffs' Complaint are accepted as true only for purposes of this Motion in accordance with the requirements under Federal Rule of Procedure 12(b)(6). City Defendants expressly reserve the right to dispute any of Plaintiffs' factual allegations that are recited herein at trial. Some facts set forth herein are based on the Pennsylvania Superior Court's

4

decision relied upon by Plaintiffs in the Complaint. (See Exhibit B attached hereto.) The Superior Court decision sets forth specific dates of which this Court may take judicial notice and which are relevant to the City Defendants' motion to dismiss. Moreover, the opinion of the Pennsylvania Superior Court is a public record.

The City of Philadelphia Department of Human Services ("DHS") first became involved with Plaintiffs in September of 2016 when it received a general protective services ("GPS") report from CHOP concerning deplorable housing conditions and possible medical neglect of Plaintiff TMW. (Exhibit A, Plaintiffs' Complaint, ECF Doc. 2, at 11 of 24[1]; Exhibit B, *Interest of T.M.W.* 232 A.3d 937, 940 (Pa. Super. 2020).) Brian Bell (sometimes hereinafter "Bell"), a DHS case worker, investigated the GPS report and inspected Plaintiffs' home. (Exh. A at 11 of 24.) According to Plaintiff Margo Weems (sometimes hereinafter "Ms. Weems"), Bell told a CHOP social worker that there was not enough to investigate, and the CHOP social worker responded that they were going to make it enough. (Id.) It was at this time, Ms. Weems claims Bell conspired with CHOP to take TMW away from her. (Id.)

On January 30, 2017, TMW was adjudicated dependent and placed in DHS' custody. (Exh. B at 940. At the conclusion of the hearing, the Family Court judge ordered Ms. Weems to have twice-weekly supervised visits with TMW at DHS and undergo psychological evaluations. (Exh. A at 13 of 24; Exh. B at 940-41.) Carson Valley, the Community Umbrella Agency assigned to monitor TMW's case, developed a Family Service Plan (FSP) setting forth objectives consistent with the Family Court judge's order. (Exh. B at 941.)

---

[1] Page references for Exhibit A are to the Court's ECF page numbers appearing at the top of each page of Plaintiffs' Complaint.

At the first FSP meeting Ms. Weems attended, she claims Bell threatened her; that she was going to regret this and that he would make sure she did. (Exh. A at 11 of 24.) (It is unclear, from what is pled in the Complaint, what the threat was and what it was that Bell would make sure she would regret.)

In January of 2019, the Family Court held a "status goal change/termination" hearing. (Exh. B at 942.) At the second hearing in 2019, City Defendant Caroline Curley asked Ms. Weems if she used to be employed at the DHS Youth Study Center, to which Ms. Weems replied "Yes." (Exh. A at 13 of 24.) Thereafter, on February 26, 2019, DHS filed a petition to involuntarily terminate Ms. Weems parental rights and a petition to change the permanency goal to adoption. (Exh. B at 942.) Hearings on these petitions were held on April 8, 2019, June 7, 2019, and July 10, 2019. (Id. at 943.) At the conclusion of these hearings, court orders were entered terminating Ms. Weems' parental rights and changing the permanency goal to adoption. (Id.)

Plaintiffs filed their Complaint on October 5, 2022, more than two years after the last event that forms the basis of their claims in the Complaint. (Exh. A, generally.)

IV. ARGUMENT

    A. **Plaintiffs' Claims, if Any, Against "City of Philadelphia: Office of City Solicitors and Dept. of Human Services" Must Be Dismissed With Prejudice Because Departments of the City of Philadelphia Are Not Independent Legal Entities.**

Plaintiffs list as defendants in the caption of the Complaint "City of Philadelphia: Office of City Solicitors and Dept. of Human Services." It is well settled that a department of the City of Philadelphia cannot be sued because it is not an independent legal entity. Therefore, these defendants must be dismissed from this civil rights action with prejudice. *See Johnson v. Department of Human Services,* 2018 WL 1996471 at 4* (E.D. Pa. Apr. 27, 2018) citing *Regalbuto v. City of Phila.*, 937 F. Supp. 374, 377 (E.D. Pa. 1994).

6

### B. Plaintiff Weems' Claims Against All City Defendants Are Barred By Statutes of Limitation of Actions.

Plaintiff Weems filed the Complaint on October 5, 2022. In the Complaint, she alleges violations of the Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. She also vaguely asserts a claim based on the Indian Child Welfare Act. Last, she asserts defamation claims.

#### 1. Plaintiff Weems' Claims Based on the Constitution of the United States Are Time-Barred.

At the center of Plaintiffs' Complaint are claims that their rights protected by the Second, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States were violated during the course of events from September 2016 to July 10, 2029.

Claims of constitutional violations are governed by the state statute of limitations for personal injury claims. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In Pennsylvania, plaintiff must bring a cause of action within two years of the personal injury giving rise to the alleged violations. *See* 42 PA. CONS. STAT. ANN. § 5524.

With a liberal reading of Plaintiffs' Complaint, and with the assistance of the Pennsylvania Superior Court's Opinion on Plaintiffs' appeal, the events triggering Plaintiff Weems' civil rights claims occurred within the time frame of September 2016, at the earliest, to July 10, 2019, at the latest. Plaintiffs filed their Complaint on October 5, 2022, more than two years after Plaintiff Weems' claims began to accrue. Consequently, her claims against the City Defendants based on the Constitution of the United States are time-barred and must be dismissed with prejudice.

### 2. Plaintiff Weems' Defamation Claims Are Time-Barred.

Although it is not clear in the Complaint, Plaintiff generally asserts she was defamed by the City Defendants. The period in which the alleged defamation would have occurred is from September of 2016 at the earliest to July 10, 2019, at the latest.

In Pennsylvania, an action for libel, slander or invasion of privacy must be commenced within one year. 42 PA. CONS. STAT. ANN. § 5523. Plaintiff Weems commenced her defamation claims on October 5, 2022, more than one year after the last possible accrual date of July 10, 2019. Therefore, her defamation claims must be dismissed with prejudice as time-barred.

### C. Plaintiff Weems Fails to State a Claim for Relief Based on the Indian Child Welfare Act.

Plaintiff Weems seeks to recover damages based on the Indian Child Welfare Act. The Indian Child Welfare Act ("ICPA") requires a state court in the course of placing children in foster or adoptive homes to place an Indian child with an Indian caretaker if one is available. *Haaland v. Brackeen,* 216 L. Ed. 2d 254, 268, 143 S. Ct. 1609 (2023). The party attempting to terminate parental rights or removing an Indian child from an unsafe environment must first "satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful." *Id.*, at 268-69.

Again, with a liberal reading of the Complaint, it appears Plaintiff claims the City Defendants violated her "rights in the ICPA Indian Child Welfare Act of 1978." (Exh. A at 15 of 24.) This allegation shows that Plaintiff Weems misunderstands the purpose of this statute. The ICPA does not provide for a private cause of action for Plaintiff Weems. Therefore, Plaintiff Weems' claims based on the ICPA must be dismissed with prejudice.

**D. All of TMW's Claims Must Be Dismissed.**

Nowhere in the Complaint does Plaintiff Weems, as the parent and natural guardian of TMW, plead sufficient facts showing that TMW has a plausible claim for relief based on alleged violations of TMW's rights protected by the Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. Therefore, all claims asserted on behalf of TMW must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

**V. CONCLUSION**

For all the foregoing reasons, Plaintiffs' Complaint should be dismissed for failing to state a claim. Specifically, Plaintiff Weems' federal and state law claims against City Defendants are time-barred and should be dismissed with prejudice; Plaintiff Weems' claims based on the Indian Child Welfare Act should be dismissed, as the Act does not create a private cause of action; and all of TMW's federal claims must be dismissed for failure to state a claim.

Respectfully submitted:

DIANA P. CORTES, CITY SOLICITOR

Date: September 20, 2023   BY: *Matthew K. Hubbard*
Matthew Kevin Hubbard, Esquire
Senior Attorney
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5391 (direct)
(215) 683-5397 (fax)
matthew.hubbard@phila.gov
Attorney for City Defendants