IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGO A. WEEMS, *Plaintiff,* v. CHILDREN'S HOSP. OF PHILA., et al., *Defendants.* | CIVIL ACTION NO. 22-3961 |

## ORDER

**AND NOW**, this 28th day of December 2023, upon consideration of Margo A. Weems's Complaint (ECF No. 2) and supplemental filings (ECF Nos. 82, 84, 85, 86, 87, 88, 89, 90 and 97), Margaret T. Murphy, Walter J. Olszewski, Daine Grey, Jr. and Vincent Furlong's ("Judicial Defendants") Motion to Dismiss (ECF No. 32), Jennifer Cole-Pucci's Motion to Dismiss (ECF No. 43) and supplemental filing (ECF No. 95), Carson Valley Children's Aid and Denise Antrom's ("CVCA Defendants") Motion to Dismiss (ECF No. 44) and supplemental filing (ECF No. 96), Children's Hospital of Philadelphia, Madeline Bell, Michelle Lambert, Jennifer Berenton, Trudy Johnson, Helge Harthung, Jodi Houlon and Denise Fitzpatrick's ("CHOP Defendants") Motion to Dismiss (ECF No. 45) and supplemental filing (ECF No. 92), Noa Glick's Motion to Dismiss (ECF No. 47), Joseph Foote's Motion to Dismiss (ECF No. 57) and supplemental filing (ECF No. 93), and Benita King, Carla N. Gardner, Paulette Matthews, Khadra Searles, Jonathan Houlon, Caroline B. Curley, Paul McLaughlin, Brian Bell, Cynthia Figueroa, Kimberly Ali and the City of Philadelphia Department of

Human Services, and Office of the City Solicitor's ("City Defendants") Motion to Dismiss it is **ORDERED** that:

1. ECF Nos. 32, 43, 44, 45, 47, 57 and 61 are **GRANTED**.

2. ECF Nos. 48 and 49 are **DENIED WITHOUT PREJUDICE**.

3. All claims for alleged violations of the Second, Fourth and Fifth Amendments, claims brought on behalf of TMW and claims against the Judicial Defendants, Caroline B. Curley, Joseph Foote, the Philadelphia Department of Human Services and the Office of the City Solicitor are **DISMISSED WITH PREJUDICE**. Margaret T. Murphy, Walter J. Olszewski, Daine Grey, Jr., Vincent Furlong, Caroline B. Curley, Joseph Foote, the Philadelphia Department of Human Services and the Office of the City Solicitor are **DISMISSED** from this case. For the reasons given in the Court's Memorandum, any attempt to amend these claims would be futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

4. All claims for alleged violations of the Indian Child Welfare Act and claims against Jennifer Cole-Pucci, the CVCA Defendants, the CHOP Defendants, Noa Glick, and all City Defendants aside from Caroline B. Curley, are **DISMISSED WITHOUT PREJUDICE**.

5. Weems may file an amended complaint on or before **Monday, February 5, 2023**. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Weems's claims against each defendant. The amended complaint shall be a complete document that does not rely on the

initial complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Weems should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the accompanying Memorandum. Weems is encouraged to include as much detailed information as she can describing what happened to her and how each Defendant she seeks to name was involved. None of the claims or Defendants dismissed from this case under Paragraph 3 above may be included or named in the amended complaint.

6. If Weems does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court on or before **Monday, February 5, 2023**, stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.

7. If Weems fails to file any response to this Order, the Court will conclude that Weems intends to stand on her Complaint and will issue a final order dismissing this case. *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.