## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGO A. WEEMS,<br><br>    *Plaintiff,*<br><br>  v.<br><br>CHILDREN'S HOSPITAL OF<br>PHILADELPHIA, et al.,<br><br>    *Defendants.* | CIVIL ACTION<br>NO. 22-3961 |

**Pappert, J.**                         **July 10, 2024**

### <u>MEMORANDUM</u>

The Court recited this case's factual background in a prior opinion.  *See Weems v. Children's Hosp. of Phila.*, No. 22-3961, 2023 WL 9004921, 2023 U.S. Dist. LEXIS 229979 (E.D. Pa. Dec. 28, 2023) (ECF No. 101.)  In its Memorandum and Order, the Court dismissed some of Weems's claims with prejudice and others without, *id.*; (Order Dismissing Complaint, ECF No. 102), and provided guidance on how Weems could cure the deficiencies in her Complaint if she chose to amend it.  After requesting and receiving an extension of time to do so, (ECF Nos. 105, 106),[1] Weems filed her Amended Complaint, labeled as a "Statement of Claim," on March 18.  (ECF Nos. 107, 107-1. 107-2).[2]  It addresses none of the shortcomings noted in the Court's Memorandum and Order.  Several defendants separately move to dismiss.  (ECF Nos. 110, 112, 113, 114.)

---

[1]  Weems has filed numerous motions seeking open-ended extensions of time throughout the life of this case.  (ECF Nos. 62, 63, 66, 67, 68, 69, 73, 83, 98, 99, 105, 116, 119.)  The Court has granted all, (ECF Nos. 77, 94, 100, 106, 118), but one, which the Court denied because it had previously informed her it would not grant any further such requests.  *See* (ECF No. 120.)

[2]  The Amended Complaint spans three ECF filings.  It primarily consists of a broad assortment of documents Weems believes support her claims.

Since further amendment would be futile, the Court dismisses the Amended Complaint with prejudice.[3]

I

Weems's Amended Complaint spans one-hundred pages, only four of which include something resembling a conventional complaint.  *See* (Am. Compl. pp. 1-8, ECF No. 107.)[4]  It also includes a two-page motion to toll the statute of limitations and a three-page "list of evidence/Exhibits."  (*Id.* at 9-13.)[5]  The next eighty-seven pages consist of various documents including medical records, a family court transcript,

---

[3]     Several other individuals previously served in this case, *see* (Affidavits of Service, ECF Nos. 16, 17), appear in the trove of documents attached to the Amended Complaint.  But they are not named in either its caption or "body," as the Court required.  *See* (Order Dismissing Complaint p. 2.) The Amended Complaint fails to "state the basis for Weems's claims against [these] defendant[s]." (*Id.*)  The Court dismisses any purported claims against these defendants *sua sponte*.  "*Sua sponte* dismissal of a claim, even in favor of defendants who did not file a motion to dismiss, is permitted when it is 'apparent from the face of the complaint' that the plaintiff cannot state a claim upon which relief can be granted."  *Hartman v. Borough*, No. 1:21-1735, 2022 WL 2513043, 2022 U.S. Dist. LEXIS 119130, at *15 n.8 (M.D. Pa. July 6, 2022) (quoting *Giles v. Volvo Trucks N. Am.*, 551 F. Supp. 2d 359, 369 (M.D. Pa. 2008)).  While plaintiffs must be "on notice of the deficiency of their claim[s]" before *sua sponte* dismissal is appropriate, "[a] motion to dismiss filed by some defendants can be sufficient notice."  *Id.*; *see also Giles*, 551 F. Supp. 2d at 369 ("The notice and opportunity to be heard may be provided by the act of a single defendant who raises a defense applicable to all defendants."); *Mann v. A.O. Smith Corp.*, No. 21-2361, 2023 WL 2344225, 2023 U.S. App. LEXIS 5243, at *9-10 (3d Cir. Mar. 3, 2023) ("A district court is empowered to dismiss a complaint *sua sponte* under Rule 12(b)(6), even as to non-moving defendants, so long as the plaintiff has notice and an opportunity to respond.").

[4]     The first four pages are duplicated, so they span pages 1-8.  Page numbers are those assigned by ECF unless otherwise specified.

[5]     Weems provides no basis for equitable tolling.  Her motion describes the alleged conscience shocking nature of the case, the mental anguish and stress she has experienced as a result of the defendants' conduct, the seriousness of the defendants' actions and federal law prohibiting discrimination.  State tolling principles govern 42 U.S.C. § 1983 claims when they do not conflict with federal law.  *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015) (citing *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009)).  Generally, Pennsylvania law allows equitable tolling "when a party, through no fault of its own, is unable to assert its right in a timely manner."  *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 995-96 (Pa. 2020) (collecting cases) (quoting *DaimlerChrysler Corp. v. Commonwealth*, 885 A.2d 117, 119 n.5 (Pa. Commw. Ct. 2005)). The Court previously dismissed a time-barred claim without prejudice "in the event Weems [was able to] allege facts which could establish a basis for equitable tolling."  *Weems*, 2023 U.S. Dist. LEXIS 229979, at *23.  The Amended Complaint contains no such facts.

health treatment notes, emails and a Pennsylvania Superior Court opinion. Weems alleges the Children's Hospital of Philadelphia, the City of Philadelphia, "itself, its employees, subcontractors, associates [and] affiliates collude together [sic] to have my child taken from me by defrauding the court, violating my Constitutional Rights." (*Id.* at 1.) She complains of actions taken from "2016 to present day." (*Id.*) She seeks, among other relief, to regain custody of her daughter, TMW, who was adjudicated dependent in family court in 2016. (*Id.* at 4, 40.)

In December 2023, the Court dismissed Weems's first Complaint, explaining its reasons for doing so in its accompanying Memorandum. *Weems*, 2023 U.S. Dist. LEXIS 229979. It dismissed some claims with prejudice and others without prejudice, (Order Dismissing Complaint pp. 2-3, ECF No. 102), and directed Weems to identify each defendant in both the body and caption of any amended complaint she chose to file, as well as to "state the basis for [her] claims against each defendant." (*Id.* at 2.) Additionally, the Court reminded Weems to "be mindful of [its] reasons for dismissing the claims in her initial Complaint as explained in [its] accompanying Memorandum" and encouraged Weems to "include as much detailed information as she can describing what happened to her and how each Defendant she seeks to name was involved." (*Id.* at 3)

The Amended Complaint suffers from the same deficiencies as the first, but to a greater degree. Many of the defendants are not mentioned at all. Many of those who are mentioned only appear in various documents attached to the Amended Complaint. And those who are mentioned in the Amended Complaint's "body" are only featured in vague, conclusory or unclear statements. While Weems broadly references her

constitutional rights, discrimination, retaliation, professional liability, medical malpractice and criminal offenses, (Am. Compl. pp. 1-3), it is not clear what claims she purports to bring, much less which specific defendants she wishes to bring these claims against. Her Amended Complaint either duplicates or doubles down on the issues the Court instructed her to fix.

Just as importantly, the primary relief Weems seeks is not something the Court can provide: she seeks custody of her daughter. But she must do so in state, rather than federal, court. *See Ethridge v. Rahman*, No. 23-1441, 2023 WL 4669427, 2023 U.S. Dist. LEXIS 125605, at *9 (D.N.J. July 20, 2023) ("Federal courts cannot issue a child custody order" because "[t]he domestic relations exception divests the federal court[s] of power to issue child custody decrees" (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).).

II

Jennifer Cole-Pucci and Noa Glick have each filed their own respective motions to dismiss. (ECF Nos. 110, 114.) Denise Antrom and Carson Valley Children's Aid ("CVCA Defendants") have jointly moved to dismiss. (ECF No. 113.) Finally, the Children's Hospital of Philadelphia, Madeline Bell, Michelle Lambert, Jennifer Berenton, Trudy Johnson, Helge Harthung, Jodi Houlon and Denise Fitzpatrick ("CHOP Defendants") also move to dismiss. (ECF No. 112.)

The Amended Complaint makes no reference to Glick, and Weems has not responded to her motion to dismiss. It does not name Antrom either. And it makes only one passing reference to messages sent to an unnamed "Carson Valley CUA worker." (Am. Compl. p. 11.) This 2016 message, which Weems attaches to the

Amended Complaint, was sent by Houlon. (*Id.* at 14.) Houlon explained Weems had

voluntarily received mental health services from Carson Valley but did not receive the

mental health evaluation Carson Valley recommended. (*Id.*) Because Carson Valley's

voluntary services terminate after a short time, Houlon asked the Philadelphia

Department of Human Services to get Community Umbrella Agency ("CUA") services

involved in Weems's case. (*Id.*) While Weems appears to believe this message was sent

to someone at Carson Valley, *see* (*id.* at 11), that does not appear to be the case, given

that Houlon refers to Carson Valley in the third person and provides background

information about the services it provides. (*Id.* at 14.) The Court is left to guess at

how, if at all, Carson Valley was involved in any actions Weems complains of.

Cole-Pucci also barely appears in the Amended Complaint. For instance, Weems

contends she "knew or should have known" of wrongdoing "when [her] actions were

taken and the intentional affect [sic] that it caused me [and] my family." (*Id.* at 3.) A

January 2024 email from Weems's counsel in her family court proceedings indicates

Cole-Pucci is serving as a "parenting capacity evaluator." (*Id.* at 17, ECF No. 107-1.)

She has apparently "opined that [Weems] has parenting capacity and recommends in

part family therapy." (*Id.*) Finally, Weems attaches screenshots of her email

exchanges with Cole-Pucci. (*Id.* at 2-4, ECF No. 107-2.) Even a liberal construction of

the Amended Complaint fails to indicate the basis for a federal claim against her.

Most of the CHOP Defendants do not feature in the Amended Complaint either.

Weems attaches documents from 2015 through 2018 to the Amended Complaint, some

of which she contends are evidence that these defendants, among other things, colluded

to deny TMW care and separate Weems from her daughter. *See* (*id.* at 14-30, ECF No.

107.)  For instance, she contends that because one doctor's assessment refers to TMW's "sickle cell yearly eye exam," Harthung was wrong to say such exams do not start until the patient is ten years old.  (*Id.* at 19-21.)  Similarly, Weems points to Houlon's notes describing her and Johnson's efforts to provide information to DHS, claiming in conclusory fashion that these statements contain falsehoods.  (*Id.* at 14.)  These allegations do not state a plausible claim that any of these defendants are state actors who violated Weems's federally protected rights.  And even if they did, events occurring between 2015 and 2018 fall outside 42 U.S.C. § 1983's statute of limitations.[6]

In her responses to the motions, Weems broadly accuses the moving defendants, other than Glick, of defrauding the family court to convince it to keep TMW out of her custody.  (ECF Nos. 121, 122, 123, 124.)  These responses are vague and generalized, and many of the allegations appear to duplicate those that the Court previously dismissed on statute of limitations, state action and immunity grounds.  They show that a Second Amended Complaint would not correct the deficiencies in the two Weems has filed.

## IV

Because the Court has dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over any state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Fuzy v. Westfield Bd. of Educ.*, No. 19-18434, 2022 WL 1284731, 2022 U.S. Dist. LEXIS 78108, at *36-37 (D.N.J. Apr. 29, 2022).  The Court

---

[6]      Section 1983 "has no statute of limitations of its own."  *Randall v. City of Phila. Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019).  "Rather, it borrows the underlying state's statute of limitations for personal injury torts," which is two years in Pennsylvania.  *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007) and 42 Pa. C.S. § 5524(1), (7)).  Weems filed her claims in October 2022.

expresses no opinion on the merits of these claims.  If Weems chooses to file any state law claims in state court, she should be mindful of the relevant statutes of limitations.

An appropriate Order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*

Gerald J. Pappert, J.